## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>CHRISTOPHER DOUGLAS BITTLER,<br><br>    Debtor. | Case No. 07-11921-RGM<br>(Chapter 7) |
| BLAKE HARRISON,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DOUGLAS BITTLER,<br><br>    Defendant. | Adv. Proc. No. 07-01145 |

### MEMORANDUM OPINION AND ORDER

THIS matter was before the court on September 14, 2009, for a status hearing with respect to the progress of the state court suit.

Blake Harrison filed a motion for summary judgment and attached a copy of the Final Order of the Circuit Court for Loudoun County granting judgment for him. Mr. Harrison asserts that Christopher Bittler's debt to him is non-dischargeable because it arises from a willful and malicious injury. In support of his motion for summary judgment, Mr. Harrison asserts that the trial court found that Mr. Bittler acted willfully and maliciously injuring him and that Mr. Bittler is thereby precluded from re-litigating those issues in this proceeding.

Local Bankruptcy Rule 9013-1(M)(3) requires particular notice to a *pro se* defendant, in this case, Mr. Bittler. A copy of LBR 9013-1(M)(3) is attached. Mr Harrison must include this

1

information in the notice of the hearing on his motion.

In addition, Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56 which deals with motions for summary judgment. A copy of Rule 56 is attached. The court draws the parties attention to Rule 56(e). In general, a motion for summary judgment may rely on facts outside the record. These facts must be supplied by an affidavit. In this case, Mr. Harrison may submit an affidavit that contains his statement as to the events that caused the injury and may incorporate by reference any final order, opinion or other relevant document from the Circuit Court proceeding. If a document is incorporated by reference it must be attached to the affidavit. Mr. Harrison needs to certify under penalty of perjury that the statements he made are correct and that the documents provided from the Circuit Court are true and accurate copies of the original records.

If Mr. Bittler contests the motion, he must file an affidavit raising facts sufficient to defeat the motion. It must also be signed under penalties of perjury. It is, therefore,

ORDERED:

1. That the hearing on the motion for summary judgment is scheduled for **October 27, 2009 at 9:30 a.m.**

2. Mr. Harrison shall provide notice to Mr. Bittler complying with the requirements of Local Bankruptcy Rule 9013-1(M)(3). The notice must also contain the date, time and place of the hearing.

3. Mr. Harrison must file an appropriate affidavit or statement under penalty of perjury to support his motion for summary judgment, including any factual assertions and copies of documents to be considered.

4. Notice together with the affidavit and supporting documents must be served by mailing

to Mr. Bittler no later than October 2, 2009.

    DONE at Alexandria, Virginia, this 17th day of September, 2009.

/s/ Robert G. Mayer  
Robert G. Mayer  
United States Bankruptcy Judge

Copy mailed to:

| | |
|---|---|
| Blake Harrison | Christopher Douglas Bittler |
| 1850 Fountain Drive, #503 | 42070 Saddlebrook Place |
| Reston, Virginia 20190 | Leesburg, VA 20176 |

15474

Local Bankruptcy Rule 9013-1(M)(3)

(3) *Where summary judgment is requested against pro se party*: The notice of any motion seeking summary judgment in which the non-moving party is *pro se* shall conform substantially to Official Form 20A and, in addition, shall set forth the requirement for a response in substantially the following form:

NOTICE

A motion for summary judgment is a request that one or more issues in a case be decided without holding a trial. Motions for summary judgment are governed by Rule 56, Federal Rules of Civil Procedure. Summary judgment may be granted if (a) the material facts are not genuinely disputed and (b) based on those facts, the party asking for summary judgment is entitled to judgment as a matter of law. If you wish to oppose the motion, you must file with the court and serve on the other party, a written response at least two [*or five*] business days prior to the hearing.

**If you fail to file a timely written response to the motion, the court may assume you do not oppose the motion and may grant the motion without holding a hearing.** If you disagree with any of the facts stated by the other party, you must include with your response sworn statements from yourself or other knowledgeable witnesses supporting your version of the facts. A sworn statement may take the form either of an affidavit or a declaration signed under penalty of perjury. Any documents you want the court to consider should be identified in, and attached to, the sworn statements. If you are unable to obtain sworn statements supporting your position, you must file a sworn statement stating why you are unable to obtain such statements at this time.

**Comments**

9013-1 (M) (3) The additional requirements with respect to summary judgment motions against *pro se* parties are included to comply with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and to conform with changes in the Local Rules of Practice of the United States District Court for the Eastern District of Virginia. [Change effective 3/1/01.]

# Rule 56. Summary Judgment

1. **(a) By a Claiming Party.**

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

(1) 20 days have passed from commencement of the action; or

(2) the opposing party serves a motion for summary judgment.

**(b) By a Defending Party.**

A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Serving the Motion; Proceedings.**

The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

(1) Establishing Facts.

If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts — including items of damages or other relief — are not genuinely at issue. The facts so specified must be treated as established in the action.

(2) Establishing Liability.

An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

(1) In General.

A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) Opposing Party's Obligation to Respond.

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.**

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavits Submitted in Bad Faith.**

If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.